State Civil Service Commission *v.* Hogan, Appellant.

Argued November 15, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Joseph V. Kasper,* with him *James Lenahan Brown* and *Daniel J. Flood,* for appellant.

*Leon Ehrlich,* Deputy Attorney General, with him *M. Louise Rutherford,* Deputy Attorney General and *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY MR. JUSTICE BELL, January 3, 1956:
This is an appeal from the Order of the Court of

Common Pleas of Dauphin County affirming an adjudication of the State Civil Service Commission which furloughed appellant from her position as *senior* visitor for the Luzerne County Board of Assistance. The matter came before this Court on certification from the Superior Court.

The single question for consideration is whether appellant's seniority was properly determined in accordance with existing legislation.

The facts are these: The case load and budgetary limitations required a reduction of eight persons in the classification of *senior* visitor by the Luzerne County Board. Ethel F. Hogan was appointed to the position of junior visitor on January 1, 1938. About two years later she was promoted to the position of visitor which she held for approximately nine years. On April 1, 1950, she became a *senior* visitor, from which she was furloughed, on November 26, 1952. James Jones, a veteran, was promoted into the *senior* visitor classification on October 16, 1950, or 199 days after appellant. He was not furloughed because his service as a member of the armed forces of the United States for two years and six months was added to his service as *senior* visitor thus giving him seniority.

Section 203 of the Civil Service Act of August 5, 1941, P. L. 752, as amended, 71 PS §741.203, specifically provides in pertinent part: "It shall be the duty of members of the commission as a body . . . (1) After public hearing, as hereinafter set forth, to establish, adopt and amend rules, either on its own motion or upon recommendation of the director, for making effective the provisions of this act. Such rules shall have the effect of law one week after the adoption thereof."

Section 802 of the Rules of the Civil Service Commission provides, inter alia: "In case of furlough of

regular employes all employes *in the same class** under the same appointing authority in the particular office, municipality, county or administrative district affected, shall be ranked in order of their last regular service rating, and employes furloughed shall be from the lowest quarter of that group as determined by the appointing authority, and selected in the inverse order of seniority in that particular class."

Section 807.2 of the Civil Service Act, supra, as amended by the Act of June 1, 1945, P. L. 1366, 71 PS §741.809 provides: "Seniority is established for each classification in which an employe holds or has held civil service status. Seniority in each classification begins with the date of first civil service employment *in that classification* and includes periods of subsequent employment (civil service or provisional) in other classifications in the same or higher grade."

The State Civil Service Commission has approved classifications plans for employes of the Department of Public Assistance and County Boards of Assistance in accordance with the provisions of §203 of the Civil Service Act.

The appellant, being within the lowest quarter of *senior* visitors on the basis of her service rating with other employes within that quarter, was then furloughed on the basis of her seniority which was computed solely from April 1, 1950 to November 26, 1952, i.e., the duration of her classification as a *senior* visitor. Appellant contends that her entire 14 years of Civil Service should have entered into the computation for purposes of ascertaining her seniority. This would be contrary to the provisions of the Civil Service Act and the Rules and Regulations adopted pursuant thereto which as we have seen have the effect of law. Ap-

* Italics throughout, ours.

pellant, even without the benefit of former Civil Service in a lower classification, had more seniority than Jones as a senior visitor unless Jones' services in the armed forces are included. Jones, being a veteran, came within the purview of §6.1 of the Act of May 22, 1945, P. L. 837, as amended by the Act of June 25, 1947, P. L. 939, 51 PS §492.6A which provides: "Whenever a reduction in force is necessary in any public position, or on public works of this Commonwealth and its political subdivisions, and personnel are discharged according to seniority, the number of years of service of any soldier shall be determined by adding his total years of service in the civil service or on public works to his total years of service as a member of the armed forces of the United States, or in any women's organization officially connected therewith during any war in which the United States engaged."

These provisions are clear and govern the instant case.

The Order of the lower Court is affirmed.

Mr. Justice JONES dissents.